**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ERNEST PAUL FRANCIS, | ) | Case No. 21-11929-KHK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH OF VA, ex rel., | ) | |
| VIRGINIA STATE BAR, | ) | Adversary Proceeding |
| | ) | Case No. 22-01008-BFK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ERNEST PAUL FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMENDED MEMORANDUM OPINION[1]**

This Opinion addresses whether costs assessed by the Virginia State Bar ("the State Bar") in a disciplinary proceeding against the Debtor, a former attorney, are excepted from the Debtor's discharge under Bankruptcy Code Section 523(a)(7). The Court finds that, with the exception of the State Bar's Administrative Fee, the costs are dischargeable. Accordingly, the Court will grant the Debtor partial summary judgment on Count I of the State Bar's Complaint, and will grant the State Bar partial summary judgment on Count I as to its Administrative Fee.

**Uncontested Facts**

The Court finds that the following facts are not genuinely contested.

1. The Plaintiff is the Virginia State Bar.

---

[1] This Amended Memorandum Opinion amends the case number above, only.

1

2. The Defendant, Ernest Paul Francis ("the Defendant," or "the Debtor"), was a member of the Virginia State Bar.

A. *The Disciplinary Proceedings.*

3. On January 12, 2021, the Defendant consented to a revocation of his license to practice law in the Commonwealth of Virginia, effective March 23, 2021. Complaint at Ex. A, 1, Docket No. 1; Answer at 1, Docket No. 18.

4. On January 14, 2021, the Clerk of the State Bar assessed costs against the Defendant pursuant to Part 6, Sec. IV, Rule 13-9(E) in connection with the disciplinary proceedings. Complaint at Ex. B; Answer at 2.

5. The costs are set forth in the Notification of Assessment of Costs as follows:

| | |
|---|---|
| Administrative Fee | $1,000.00 |
| Cert. Mailing Fees | $122.37 |
| Copying Invoices | $576.61 |
| Court Reporting Fees | $3,263.98 |
| **TOTAL** | **$4,961.98** |

*Id*.

6. In February 2021, the State Bar agreed to a payment plan with the Defendant. Complaint at Ex. C; Answer at 1.

7. Pursuant to the terms of the payment plan, the Defendant made two payments, totaling $1,664.00. The balance of the costs now stands at $3,297.98. Complaint at 3; Answer at 1.

B. *The Defendant Files for Bankruptcy.*

8. The Defendant filed a Voluntary Petition under Chapter 7 with this Court on November 24, 2021. Case No. 21-11929.

9. The Debtor received a discharge in his case on September 7, 2022, subject to any applicable exceptions. Docket No. 83.

10. The State Bar timely filed a Complaint commencing this adversary proceeding on February 25, 2022. Docket No. 1.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as the dischargeability of particular debts).[2]

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. Pro. 56(a)). The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322—24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586—84 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will

---

[2] In his Opposition to the State Bar's Motion, the Debtor argued that, as a *pro se* party, he was not provided with a form of heightened notice known in the Fourth Circuit as a *Roseboro* notice. *See* Local Rule 9013-1(M)(3) (applicable when summary judgment is requested against a *pro se* party). The Debtor waived the requirement of a *Roseboro* notice at the hearing on November 15, 2022.

3

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*.

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, quoting Fed. R. Civ. P. 1.

Section 523(a)(7) provides an exception to the debtor's discharge for debts "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss[.]" 11 U.S.C. § 523(a)(7). The State Bar is an administrative agency of the Virginia Supreme Court. Va. Code § 54.1-2910. The Debtor does not contest that the State Bar is a governmental unit. The Court, therefore, will address the other two elements of: (a) whether the debt is a "fine, penalty or forfeiture;" and (b) whether the debt is "compensation for actual pecuniary loss." 11 U.S.C. § 523 (a)(7).

The State Bar's Complaint contains two Counts. Complaint, Docket No. 1. Count I is a claim for a declaration of non-dischargeability as to the State Bar's costs. *Id*. at 2. Count II is a claim for a declaration of non-dischargeability for funds paid to one of the Debtor's former clients under the Client Protection Fund. *Id*. at 3—4. At the hearing on November 15, 2022, counsel for the State Bar advised the Court that the State Bar could not locate the former client and, therefore, had not paid anything to the former client. Counsel for the State Bar advised the Court that the State Bar would be seeking a dismissal of Count II under Bankruptcy Rule 7041. Accordingly, this Opinion addresses only the costs assessed by the State Bar in connection with the Debtor's disciplinary proceedings. The Court does not address the dischargeability of funds paid by the State Bar pursuant to the Client Protection Fund, a subject about which there is some

4

disagreement in the case law. *Compare Kassas v. State Bar of California (In re Kassas)*, 49 F.4th 1158 (9th Cir. 2022) (holding client protection fund payments to be dischargeable), *with In re Young*, 577 B.R. 227 (Bankr. W.D. Va. 2017) (holding client protection fund debt non-dischargeable).

The Court will address the remaining two elements of non-dischargeability under § 523(a)(7), below.

I.  **Whether the Costs Assessed Are a "Fine, Penalty, or Forfeiture."**

The Court will first address whether the costs assessed are a fine, penalty, or forfeiture. In Virginia, the Clerk is required to assess costs against attorneys against whom discipline is imposed or who consent to a revocation. VIRGINIA STATE BAR PROFESSIONAL GUIDELINES, 13-9 Clerk of the Disciplinary System (2019), https://www.vsb.org/pro-guidelines/index.php/bar-govt/procedure-for-disciplining-suspending-and-disbarring-attorneys/13-9/. The term "costs" is defined as follows:

> "Costs" means reasonable costs paid by the Bar to outside experts, consultants, or guardians ad litem in a proceeding conducted pursuant to subparagraph 13-22; reasonable travel and out-of-pocket expenses for witnesses; Court Reporter and transcript fees; electronic and telephone conferencing and recording costs, if such procedures are requested by Respondent; copying, mailing, and required publication costs; translator fees; and an administrative charge determined by Council.

VIRGINIA STATE BAR PROFESSIONAL GUIDELINES, 13-1 Definitions (2021), https://www.vsb.org/pro-guidelines/index.php/bar-govt/procedure-for-disciplining-suspending-and-disbarring-attorneys/13-1.

In *Kelly v. Robinson*, the Supreme Court held that restitution obligations imposed as a part of a criminal sentence constitute fines, penalties, or forfeitures, and are not dischargeable under § 523(a)(7). 479 U.S. 36 (1986). The Court was primarily concerned with non-interference by bankruptcy courts in State criminal proceedings. *See id.* at 361 ("[T]he States' interest in

administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") The Court found that the restitution obligation at issue in *Kelly* was designed for the protection of society as a whole, and that it served the twin goals of punishment and rehabilitation of the offender. *Id*. at 52.

Most other courts have found costs imposed by state bar associations in connection with disciplinary proceedings to be fines, penalties, or forfeitures within the meaning of § 523(a)(7). *In re Kassas*, 49 F.4th at 1166; and see *Osicka v. Off. of Law. Regul.*, 25 F.4th 501, 506 (7th Cir. 2022) ("[I]t is plain that the cost order is a 'penalty' within the meaning of §523(a)(7)."); *In re Feingold*, 730 F.3d 1268, 1274—75 (11th Cir. 2013); see *In re Findley*, 593 F.3d 1048 (9th Cir. 2009); *Richmond v. N.H. Sup. Ct. Comm. on Pro. Conduct*, 542 F.3d 913 (1st Cir. 2008); *In re Smith*, 317 B.R. 302 (Bankr. D. Md. 2004).

The Debtor relies heavily on the case of *Gonzalez v. Sessions*. 894 F.3d 131 (4th Cir. 2018). *Gonzalez* did not involve § 523(a)(7). Rather, the case addressed whether $100 in court costs assessed against an individual in State court for a marijuana possession conviction constituted a "conviction" for purposes of the Immigration and Naturalization Act ("the Act"). *Id*. at 134. The term conviction is defined in the Act as "some form of punishment, penalty or restraint on the alien's liberty." *Id*. at 136, quoting 8 U.S.C. § 1101(a)(48)(A). The Fourth Circuit held that a monetary assessment is a punishment or a penalty "if it is primarily intended to serve a punitive purpose – that is, if a judge orders the monetary assessment to advance a punitive goal tethered to the defendant's degree of culpability in light of her specific actions." *Id*. at 137. Under this definition, the Fourth Circuit held that the costs assessed were not a punishment or a penalty for purposes of the Act. *Id*.

The Court finds the *Gonzalez* opinion to be distinguishable from the case at hand. First and most obviously, *Gonzalez* did not address Bankruptcy Code § 523(a)(7) at all. The Act's definition at issue in *Gonzalez* ("some form of punishment, penalty or restraint on the alien's liberty") is different from § 523(a)(7)'s use of the phrase "fine, penalty or forfeiture." 8 U.S.C. § 1101(a)(48)(A); 11 U.S.C. § 523(a)(7). There is no indication that Congress meant the two statutes to be interpreted in the same way, particularly when each addresses different problems and arises in different contexts.

The Fourth Circuit did look to certain bankruptcy cases in *Gonzalez*. It compared *In re Taggert*, which held that costs are not a penalty, with *In re Findley*, which recognized that the California statute at issue was amended after *Taggert* to make costs non-dischargeable penalties. *In re Taggert*, 249 F.3d 987 (9th Cir. 2001); *In re Findley*, 593 F.3d 1048 (9th Cir. 2010). It also compared the *Richmond* case from the First Circuit with *Taggert* from the Ninth, for the proposition that "courts are more likely to treat a monetary assessment as a penalty or punishment if the adjudicator is endowed with the discretion to determine both whether to impose the assessment and the amount of any assessment imposed." *Gonzalez*, 894 F.3d at 139; *Richmond*, 542 F.3d at 919; *Taggert*, 593 F.3d at 991—94. The Fourth Circuit also looked to the nature of the $100 assessment under North Carolina law, distinguishing the assessment in *Gonzalez* from a similar assessment under Florida law in *In re Cabrera*. *Gonzalez*, 894 F.3d 131, 135; *Matter* of *Cabrera*, 24 I. & N. Dec. 459 (B.I.A. 2008). In short, the Fourth Circuit's discussion of the § 523(a)(7) cases in *Gonzalez* does not lead to a definitive conclusion in this case.

Moreover, the Fourth Circuit's decision in *Gonzalez* can be compared with its prior opinion in *U.S. Department of Housing and Urban Development v. Cost Control Marketing &*

7

*Sales Management of Virginia, Inc. ("CCMV")*. 64 F.3d 920 (4th Cir. 1995). In *CCMV*, the District Court entered an $8.65 million judgment against CCMV and its principals for violations of the Interstate Land Sales Act. *Id*. at 925. Three of the individuals filed for bankruptcy and received discharges. *Id*. When HUD instituted collection proceedings against them, they claimed the benefit of their discharges. *Id*. HUD asserted, on the other hand, that the judgment was not discharged under § 523(a)(7).[3] *Id*. Describing the issue as "reasonably close," the Fourth Circuit held that the judgment was non-dischargeable under § 523(a)(7). *Id*. at 927. Noting that the Supreme Court in *Kelly* gave § 523(a)(7) a "broad reading," the Fourth Circuit held that the judgment was primarily penal in nature and was non-dischargeable. *Id*. at 927—28, quoting *Kelly v. Robinson*, 479 U.S. 36, 107 (1986).

The Defendant also cites a number of Virginia Supreme Court cases that have stated that the "'primary purpose' of a disciplinary proceeding 'is to protect the public, not punish the attorney.'" *Haley v. State Bar*, 876 S.E.2d 165, 170 (Va. 2022), citing *Baumann v. Virginia State Bar,* 845 S.E.2d 528 (2020) (quoting *Moseley v. Virginia State Bar*, 694 S.E.2d 586 (2010)). These cases, of course, did not address § 523(a)(7). No doubt, it could also be said that the judgment under the Interstate Land Sales Act against the individual defendants in *CCMV* was for the primary purpose of protecting the public.

On balance, the Court finds, consistent with *Kelly, CCMV,* and the majority of cases addressing the issue, that the State Bar's costs constitute a "penalty" within the meaning of § 523(a)(7).

## II.    Whether the Costs are Compensation for Actual Pecuniary Loss.

---

[3] Section 523(a)(7) is not one of the subsections of § 523 that requires a complaint to be filed within 60 days after the date first set for the meeting of creditors. 11 U.S.C. § 523(c) and *see* Bankruptcy Rules 4007(b) ("A complaint other than under § 523(c) may be filed at any time") and 4007(c).

The Court turns to the issue of whether the costs assessed in this case are "compensation for actual pecuniary loss." 11. U.S.C. § 523(a)(7). The costs assessed in this case were: an Administrative Fee ($1,000.00); Certified Mailing Fees ($122.37); Copying Invoices ($576.61); and Court Reporting Fees ($3,263.98). The Court finds that all of these costs, with the exception of the $1,000.00 Administrative Fee, were compensation to the State Bar for its pecuniary losses.

The Court Reporting Fees would have been paid to a court reporter. This assessment compensates the State Bar for that expense. Likewise, the Certified Mailing Fees and the Copying Invoices, whether done in-house or sent to outside vendors, would compensate the State Bar for its actual expenses in its prosecution of the disciplinary proceedings against the Debtor. The Court cannot see how these costs are anything other than compensation for actual pecuniary losses. *See In re Shaffer*, 515 F.3d 424, 433 (5th Cir. 2008) (holding that certain costs incurred in a dental license revocation proceeding – hotels and meals - were "at their core 'compensation for actual pecuniary loss'").

The $1,000.00 Administrative Fee, on the other hand, is a penalty and does not compensate the State Bar for any expenses incurred. The Debtor argues that the Administrative Fee compensates the State Bar for its staff time in bringing the proceedings. This argument was rejected by the Seventh Circuit in *Osicka*. *See Osicka*, 25 F.4th 507, 507 ("The OLR's use of its operating budget to investigate and prosecute attorneys for potential malfeasance falls outside of [the definition of pecuniary loss]."). The Court finds that any connection between the Administrative Fee and the internal operating costs of the State Bar is too attenuated to conclude that the Administrative Fee is compensation for a pecuniary loss.

Finally, the Court notes that the Debtor has paid $1,664.00 in partial payments. The non-dischargeable Administrative Fee constitutes 20% of the total assessed costs. The Court,

9

therefore, will allocate 20% of the amounts paid by the Debtor, or $332.80, to the Administrative Fee, leaving a non-dischargeable balance of $667.20.[4]

The Court finds that the costs assessed by the State Bar are dischargeable, with the exception of $667.20 of the Administrative Fee, which is determined to be non-dischargeable under § 523(a)(7). The Court will grant partial summary judgment, *sua sponte*, to the Debtor on the dischargeable costs and will grant partial summary judgment to the State Bar on $667.20 of the Administrative Fee.

## Conclusion

For the foregoing reasons the Court will enter a separate Order under which:

A. Partial summary judgment will be granted in favor of the Defendant on Count I, determining the State Bar's costs to be dischargeable, other than $667.20 of the Administrative Fee.

B. Partial summary judgment will be granted in favor of the State Bar on Count I determining $667.20 of the Administrative Fee to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

C. To the extent that the accompanying Order is a final order (depending on whether Count II has been dismissed or not) the Debtor will be advised that he has a right of appeal by noting an appeal with the Clerk of the Bankruptcy Court within 14 days of the entry of the Order.

---

[4] The State Bar argues that payment of the assessed costs is a condition to reinstatement of the Defendant's law license. *See* VIRGINIA STATE BAR PROFESSIONAL GUIDELINES, 13-25(f)(6) Board Proceedings For Reinstatement (2019), https://www.vsb.org/pro-guidelines/index.php/bar-govt/procedure-for-disciplining-suspending-and-disbarring-attorneys/13-25/ (requiring payment of costs previously assessed as s condition for reinstatement). The requirement for payment of a discharged debt in order to grant reinstatement is an issue that raises other concerns that the Court need not address here. *See* 11 U.S.C. § 525(a) (non-discrimination by governmental units).

    D. The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Dec 2 2022

Alexandria, Virginia

/s/ Brian F Kenney
The Honorable Brian F. Kenney
United States Bankruptcy Judge
Entered On Docket: December 2, 2022

Copies to:

Commonwealth of Virginia ex rel. Virginia State Bar
202 North 9th St.
Richmond, VA 23219
*Plaintiff*

Robert B. McEntee, Jr., Esq.
P.O. Box 610
Richmond, VA 23218-0610
*Counsel for Plaintiff*

Ernest Paul Francis
P.O. Box 189
Ashburn, VA 20146
*Pro se Defendant*

11